IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

MAPFRE PRAICO INSURANCE COMPANY,

   **Plaintiff,**

       v.

EDWARD C. REYNOLDS, *et al.*,

   **Defendants.**

CIVIL NO. 24-1557 (JAG)

## OPINION AND ORDER

GARCIA-GREGORY, D.J.

Mapfre Praico Insurance Company ("Plaintiff") filed a Complaint against Edward Reynolds, 411 Claims PR LLC 411, and Claims LLC ("Defendants")[1] alleging two negligence claims under Article 1802 of the Puerto Rico Civil Code, P.R. LAWS ANN. tit. 31 § 5141. Docket No. 38; *see also* Docket No. 44 at 1, 3. Pending before the Court is Defendants' Motion to Dismiss. Docket No. 39. For the following reasons, the Motion to Dismiss is hereby **GRANTED**.

## STANDARD OF REVIEW

A defendant may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive dismissal under this standard, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face" and "raise [a plaintiff's] right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). When considering a motion to dismiss, the Court must accept as true all

---

[1] The Complaint also included Jane Doe, as co-Defendant Reynolds' potential spouse, and ABC insurers as Defendants' unknown insurers. Docket No. 38 at 3.

CIVIL NO. 24-1557 (JAG)                                                                     2

well-pleaded factual allegations in a complaint and draw all reasonable inferences in the plaintiff's favor. *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012).

## ANALYSIS

Defendants argue that Plaintiff's negligence claims are time-barred because Plaintiff was aware that it had a potential tort claim against Defendants since May 17, 2020, more than a year before it commenced this civil action. Docket No. 39 at 8-12. Meanwhile, Plaintiff asserts that the statute of limitations did not begin to run until December 4, 2023. Docket No. 44 at 7. The Court agrees with Defendants.

In a diversity action, statutes of limitation are considered substantive law and, thus, Puerto Rico law controls. *Morel v. DaimlerChrysler AG*, 565 F.3d 20, 23 (1st Cir. 2009). A cause of action for tort liability prescribes after one year from the time the aggrieved party *becomes aware of the injury* and who caused it. P.R. LAWS ANN. tit. 31, § 9496(a) (emphasis added); *Tokyo Marine and Fire Ins. Co., Ltd. v. Perez & Cia., de P.R., Inc.*, 142 F.3d 1, 3-4 (1st Cir. 1998) ("A cause of action under article 1802 accrues . . . when the injured party knew or should have known of the injury and of the likely identity of the tortfeasor.") (citation omitted). However, "[o]nce a plaintiff is made aware of facts sufficient to put her on notice that she has a potential tort claim, she must pursue that claim with reasonable diligence, or risk of being held to have relinquished her right to pursue it later, after the limitation period has run." *Rodriguez-Suris v. Montesinos*, 123 F.3d 10, 16 (1st Cir. 1997) (citation omitted). Thus, "[o]nce a plaintiff is on notice of the injury, the plaintiff *may not wait for his injury to reach its final degree of development* and postpone the running of the period of limitation according to his subjective appraisal and judgment." *Torres v. E.I. Dupont De Nemours & Co.*, 219 F.3d 13, 19 (1st Cir. 2000) (cleaned up) (emphasis added).

CIVIL NO. 24-1557 (JAG)                                                                                          3

Here, Plaintiff asserts that the statute of limitations began to run on December 4, 2023, when the state court issued a final judgment approving the joint request for voluntary dismissal after the parties in that case had reached a settlement. Docket No. 44 at 7. Even examining the Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff knew of the damages more than a year before filing its Complaint.

The Complaint alleges that on July 21, 2023, the Puerto Rico Insurance Commissioner (1) "sanctioned Edward C. Reynolds and 411 Claims PR LLC for fraudulently misrepresenting having a public adjuster license"; (2) "enjoined Edward C. Reynolds from performing any insurance adjuster-related work in Puerto Rico"; and (3) "sanctioned 411 Claims, LLC for allowing its vice-president, Edward C. Reynolds, to work as an unlicensed public adjuster." Docket No. 38 at 8. Plaintiff also alleged that Defendants submitted inflated damages estimates that "directly contradicted the [Puerto Rico Highway and Transportation] Authority's proof of loss statements" that Plaintiff received on November 28, 2023. Docket No. 38 at 7, 12. These allegations show that Plaintiff learned of a potential tort claim more than one year before it filed the Complaint. Additionally, Plaintiff had a general sense of its potential injury since May 17, 2022, when it filed a counterclaim against the Highway Authority alleging that on March 17, 2022, Reynolds admitted in his deposition that he is not licensed as a public adjuster in Puerto Rico or authorized to manage or deal in insurance. Docket No. 39-1 at 2.[2] Plaintiff further acknowledged that Reynolds admitted that "he does not know if the damages claimed in the reports of the localities of Endorsement A were caused by the hurricane or not," alleging that such action "constitutes

---

[2] The Court takes judicial notice of the proceedings initiated by the Highway Authority against Plaintiff in Civ. No. SJ2019CV0974. *See Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand.") (citations omitted).

CIVIL NO. 24-1557 (JAG)                                                              4

claim fraud." *Id.* at 5. Thus, Plaintiff knew of a potential injury caused by Defendants since May 17, 2022, at the earliest, or November 29, 2023, at the latest, more than year before it filed its Complaint on December 4, 2024.

Plaintiff also argues that the statute of limitations began to run on December 4, 2023, because the limitations period for negligent misrepresentation claims accrues once an insurer can quantify compensatory damages. Docket No. 44 at 9. Plaintiff cites *Colegio Mayor de Tecnología v. Rodríguez Fernández*, 194 P.R. Dec. 635 (2016), and *Vázquez-Quintana v. Falk*, 2018 WL 8838860 (2018), contending that these decisions are analogous to the instant action. The Court fails to see any resemblance between these cases and the claim before this Court.

In *Colegio Mayor*, the Puerto Rico Supreme Court held that the statute of limitations begins to run when the aggrieved party obtains knowledge of a final and unappealable judgment in a *legal malpractice* case. 194 P.R. Dec.at 635-36 (certified translation at Docket No. 50-1). In *Vázquez-Quintana*, this Court determined that "there is seemingly no reason why the statute of limitations for tort actions against lawyers and expert witnesses should start accruing at different points in time" since both play an indispensable role in suits. 2018 WL 8838860 at *3. In the case at hand, however, there is no alleged legal malpractice and no expert witnesses. Unlike *Colegio Mayor*, where the plaintiff would not have had a valid malpractice claim against his attorney until he actually lost the underlying case, no such circumstances present themselves in the instant case. Moreover, *Vázquez-Quintana* found that the court "need not decide whether the present suit was time-barred under Puerto Rico law," 2018 WL 8838860 at *2, making the case inapposite to the controversy before this Court.

CIVIL NO. 24-1557 (JAG)                                                              5

Plaintiff's claim that the statute of limitations did not accrue until it could quantify its damages is plainly contradicted by Puerto Rico law. As the First Circuit has explicitly stated, "the plaintiff *may not wait for his injury to reach its final degree of development* and postpone the running of the period of limitation according to his subjective appraisal and judgment." *Torres*, 219 F.3d at 19 (emphasis added). Instead, Plaintiff had to assert its tort claim within one year from the time it knew or should have known that it had potentially suffered an injury at the hands of Defendants. The Complaint could have pled that damages continued accruing and Plaintiff could present evidence of the full extent of damages at a later time.[3]

Therefore, Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE.**

## CONCLUSION

For the aforementioned reasons, the Court finds that Plaintiff's claims are time-barred and, thus, the Complaint is hereby **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this Thursday, March 26, 2026.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge

---

[3] Defendants also argue that Plaintiff's second claim is not ripe for adjudication. Docket No. 39 at 12-13. However, the Court need not reach this issue because it finds that the claims are time-barred. Defendants alternatively argue that Mapfre lacks standing, Docket No. 39 at 14, but they only devoted one sentence to this argument and, thus, this argument is waived. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (explaining that undeveloped arguments with conclusory statements are deemed waived).